IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GOOD CLEAN LOVE, INC.; VAGINAL BIOME SCIENCE, INC., | Civ. No. 6:21-cv-01294-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| EPOCH NE CORPORATION; LAWRENCE LUO, | |
| Defendants. | |
| EPOCH NE CORPORATION, | |
| Counter-Claimant, | |
| v. | |
| GOOD CLEAN LOVE, INC., | |
| Counterclaim-Defendant. | |

AIKEN, District Judge.

This case comes before the Court on Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint. ECF No. 65. For the reason set forth below, the Motion is GRANTED.

Page 1 –OPINION & ORDER

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) creates a liberal policy in favor of granting leave to amend "to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Accordingly, Rule 15(a)(2) provides that courts "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court provided the following factors to guide application of Rule 15:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Not all factors merit equal weight," and prejudice is considered the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal quotation marks and citations omitted). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

The standard under Rule 15(a) for a motion for leave to amend also governs a motion for leave to supplement a pleading. *Wild v. United States Forest Serv.*, Case No. 1:22-cv-01007-MC, 2025 WL 1009204, at * 2 n.1 (D. Or. April 4, 2025).

## DISCUSSION

Plaintiffs seek leave to file a Second Amended and Supplemental Complaint ("SAC") to add claims against a new party, BPI Labs, Inc. ("BPI"). BPI is a former manufacturing and packaging partner for Plaintiffs and is currently provides manufacturing and packaging services to Defendants. In the proposed SAC, Plaintiffs allege that discovery they received after the filing of the First Amended Complaint shows that BPI played a supporting role in the conduct that gives rise to Plaintiffs' claims against Defendants. Defendants oppose the motion to amend.

As a preliminary matter, Defendants do not contend that the proposed amendments would be futile and, after a review of the proposed SAC, the Court concludes that amendment would not be futile. The Court will therefore proceed with examination of the remaining *Foman* factors.

### I.   Undue Delay

A substantial delay on the part of the moving party, while not dispositive, is relevant to the *Foman* analysis. *Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment to the original pleading." *Jackson v. Bank of Hawaii*, 902. F.2d 1385, 1387 (9th Cir. 1990). Undue delay, standing along, cannot serve as a basis for denial of leave to amend. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1155 n.4 (9th Cir. 2016).

Defendants assert that Plaintiffs were aware of BPI's involvement prior to filing the original case and that they had specific knowledge of BPI's alleged role in the underlying events for months before seeking leave to amend.

Although Plaintiffs may have known the specifics of BPI's role for some months prior to the filing of the motion, the Court notes that BPI's document production was not complete until July 2024 and that Plaintiffs changed counsel and new counsel required time to get up to speed. The Court concludes that there has not been undue delay in this matter.

## II. Prejudice

Undue prejudice to the opposing party carries the greatest weight in determining a motion to amend. *Eminence*, 316 F.3d at 1052. A need to reopen discovery, a delay in the proceedings, or the addition of new claims are indicators of prejudice. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before the close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Lockheed*, 194 F.3d 986 (addition of complaints was prejudicial); *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying motion to amend on grounds of undue delay and prejudice where motion made on the "eve of discovery deadline" would have required re-opening discovery, thus delaying proceedings).

Here, Defendants assert that they are prejudiced by the new amendments because Plaintiffs delayed adding BPI to the case; there are additional costs incurred by Defendants in opposing amendment, "especially after the Parties were nearing settlement,"; delay and expense in adding third party discovery and motions; the likely costs of a demand for indemnification by BPI against Defendants; and jurisdictional and venue-related litigation in connection with fee litigation in the District of Utah involving Plaintiff and BPI. Def. Mot. 7-8. ECF No. 65.

The new allegations in the proposed SAC concern BPI and do not substantially alter the claims against the existing Defendants. The issues of delay have already been addressed and the Court notes that this case remains in the relatively early stages of litigation. Plaintiffs point out that no party discovery has taken place and so no discovery-related costs are duplicated by the BPI being added as a defendant. No deadlines or hearings will be affected by the addition of BPI as a defendant. The Court concludes that Defendants have not made a sufficient showing of prejudice to justify denying leave to amend.

### III. Bad Faith

"In the context of a motion for leave to amend, bad faith exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation or when the adverse party offers evidence that shows wrongful motive on the part of the moving party." *Climax Portable Maching Tools, Inc. v. Trawema GmbH*, Case No. 3:18-cv-01825-AC, 2021 WL 1396625, *6 (D. Or.

Mar. 22, 2021) (internal quotation marks and citation omitted, alterations normalized).

Here, Defendants assert that, during settlement negotiations, they disclosed to Plaintiff that, "should BPI be added to the case, BPI would likely assert Defendants must reimburse BPI for any costs and attorney fees in defending the lawsuit. Def. Rsp. 7. The Court notes that Defendants do not contend that Plaintiffs' claims against BPI are futile or baseless. The Court concludes that the motion is not brought in bad faith.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint, ECF No. 65 is GRANTED. Plaintiffs are to file the Second Amended and Supplemental Complaint within seven (7) days of the date of this Order.

It is so ORDERED and DATED this ___21st___ day of May 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge